UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KIMBERLEY DELICHA MCCOLLUM,

    Plaintiff,

    v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

    Defendant.

Case No. 2:18-cv-00060-JVB-APR

**OPINION AND ORDER**

Plaintiff Kimberley Delicha McCollum seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

**A. Overview of the Case**

In her application, Plaintiff alleged that she became disabled on May 1, 2011. (R. at 18.) After a video hearing before an Administrative Law Judge ("ALJ") in 2016, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar spine, right trigger finger, bilateral foot impairment, and obesity. (R. at 20.) The ALJ did, however, find that a number of jobs existed which Plaintiff could perform. (R. at 27–28.) Therefore, the ALJ found her to be not disabled. (R. at 34.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

**B. Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

**C. Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff contends that the ALJ committed four reversible errors: the ALJ erred in weighing the medical opinion, in the RFC determination, in relying on improper VE testimony, and in analyzing Plaintiff's subjective symptoms.

**(1) Medical Evidence**

Plaintiff argues that the ALJ erred in weighing the opinion of treating podiatrist Dr. Ahmad Elsamad, DPM. Dr. Elsamad provided a written opinion on June 3, 2013. (R. at 343.) Dr. Elsamad opined that Plaintiff could not perform the essential elements of her job as a U.S. Postal Carrier from February 2008 through the date of the opinion. He then described the portions of the job that Plaintiff could no longer perform, such as standing; using her feet, ankles, and legs throughout the day; bending, reaching, lifting, and casing mail; lifting up to seventy pounds; being able to enter and exit a vehicle repeatedly throughout the day; loading large trays of mail into a vehicle; and driving a vehicle throughout the day. *Id.* Dr. Elsamad stated that Plaintiff suffered from "metadetcus," chronic foot pain, swelling, foot deformity, and restriction and limitation of movement. *Id.* Dr. Elsamad opined that Plaintiff's condition is permanent, and that "no amount of treatment modalities" would allow her to return to her job. *Id.*

A treating physician's opinion is to be given controlling weight unless the ALJ provides good reasons for setting aside that opinion. *Brown v. Colvin*, 845 F.3d 247, 252 (7th Cir. 2016). When a treating physician's opinion is not entitled to controlling weight, an ALJ must weigh it

using factors such as examining relationship, length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency, specialization, and other factors. 20 C.F.R. §§ 404.1527(c)(1)-(6). The ALJ afforded Dr. Elsamad's opinion "some weight," stating that the RFC supports the opinion that Plaintiff cannot perform her past work as a mail carrier, but that his assertion that Plaintiff suffered from swelling was not supported by exams.

First, the ALJ offered very little analysis or discussion of Dr. Elsamad's opinion. The ALJ must give good reasons to discount the opinion of the treating physician, but there is so little discussion here that it is hard to find "good reasons" for giving the opinion less than controlling weight. 20 C.F.R. §404.1527; *Clifford v. Apfel*, 227 F.3d 863, 869–71 (7th Cir. 2000). Although the ALJ acknowledges that Dr. Elsamad was a treating podiatrist, he fails to address the other factors in 20 C.F.R. § 404.1527(c). The only evidence that the ALJ finds inconsistent is that the medical evidence does not support the foot swelling noted by Dr. Elsamad. The ALJ offers no citations to the record that contradict Dr. Elsamad's opinion that Plaintiff suffers from foot swelling. Moreover, there is evidence in the record that supports Dr. Elsamad's opinion that Plaintiff had foot swelling. Treatment records from March 2014 noted that Plaintiff suffered from joint swelling and muscle weakness. (R. at 315.) Dr. Elsamad's treatment notes indicate edema in the right leg. (R. at 351). Plaintiff also testified that her feet began to swell after standing for an hour. The ALJ has failed to give good reasons to discount Dr. Elsamad's opinion, as he has failed to discuss specific evidence in the record that supports his opinion that Plaintiff did not suffer from foot swelling. The ALJ does not otherwise discuss Dr. Elsamad's opinion, and therefore the Court cannot discern whether the ALJ considered the other relevant factors in 20 C.F.R. § 404.1527(c). Dr. Elsamad treated Plaintiff for at least three years and prescribed

multiple forms of treatment and tests for Plaintiff. (R. at 348–54, 371, 376–394, 416–35.) Yet the ALJ failed to discuss this in his analysis of Dr. Elsamad's opinion. This is an issue that requires remand.

**(2) Residual Functional Capacity ("RFC")**

The state agency physicians found that Plaintiff's only severe impairment was "DDD (Disorders of Back-Discogenic and Degenerative)," and they both opined that Plaintiff could perform light work with reduced postural activities. (R. at 60, 68.) The ALJ gave these opinions great weight. (R. at 26.) The state agency physicians did not review Dr. Elsamad's opinion, nor any of the lower extremity images or imaging results. The state agency physicians, therefore, did not consider any foot or lower limb impairments, and the RFCs provided in the opinions did not offer any limitations to account for foot and lower extremity impairments. In fact, the ALJ found Plaintiff suffered from severe bilateral foot impairment. (R. at 20.) Yet the ALJ followed the state agency physicians' RFC opinions without including any limitations regarding Plaintiff's severe bilateral foot impairment.

The state agency physicians found that Plaintiff could never climb ladders, ropes or scaffolds, occasionally climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, and crawl. However, the ALJ's hypothetical to the VE and subsequent RFC found that Plaintiff could occasionally climb ladders, ropes or scaffolds, frequently climb ramps and stairs, and frequently balance, stoop, kneel, crouch, and crawl. The ALJ did not explain why he rejected the state agency's RFC without relying on other medical evidence or opinion evidence in making the RFC determination. The ALJ gave great weight to the state consultants, who did not have all the medical evidence, yet concluded that Plaintiff's limitations were less than the state agency physician's opinions without any discussion. The ALJ is required to explain why functional

limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence. SSR 96-8p. The Court cannot conduct a meaningful review of the ALJ's RFC when the ALJ fails to explain or discuss the inconsistency between the state agency RFCs, given great weight, and the ALJ's final RFC with reduced limitations.

"[I]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 SSR LEXIS 5 at *14, 1996 WL 374184, at *5, *see Paar v. Astrue*, No. 09 C 5169, 2012 U.S. Dist. LEXIS 4948, 2012 WL 123596, at *13 (N.D. ILL. Jan. 17, 2012). Here, the ALJ failed to consider even a severe limitation. The ALJ has labeled the foot impairments as severe yet did not include any limitations regarding her foot impairments in the RFC or provide adequate reasons for not including such limitations. The ALJ failed to build an accurate and logical bridge from the evidence of Plaintiff's severe foot impairment to the RFC.

### (3) Other Issues

Plaintiff also raises issues regarding the RFC's lack of mental limitations, the VE testimony, and subjective complaints. Because the ALJ improperly weighed Dr. Elsamad's opinion and failed to support the RFC with substantial evidence, remand is appropriate. Proper treatment of Dr. Elsamad's opinion and the RFC may alter the rest of the ALJ's decision. On remand, the ALJ will have the opportunity to reexamine the RFC and all of the relevant medical evidence.

### (E) Conclusion

The ALJ erred in weighing Dr. Elsamad's opinion and failed to support the RFC with substantial evidence. For these reasons, the court remands the case for further consideration.

SO ORERED on May 28, 2019.

                                                  s/ Joseph S. Van Bokkelen
                                                JOSEPH S. VAN BOKKELEN
                                                UNITED STATES DISTRICT JUDGE